Jacqueline **MONSANTO–SWAN**, Appellant,

v.

**GOVERNMENT OF THE VIRGIN ISLANDS**, Appellee.

**Nos. D.C.CRIM 92–211, T.C. CRIM F272–91.**

District Court, Virgin Islands, Appellate Division, D. St. Thomas and St. John.

May 2, 1994.

Rhys Hodge, St. Thomas, VI, for Appellant.

Darlene Grant, Asst. Atty. General, V.I. Department of Justice, St. Thomas, VI, for Appellee.

Before: THOMAS K. MOORE, Chief Judge, District Court of the Virgin Islands; RICHARD P. CONABOY, Senior Judge of the United States District Court for the Middle District of Pennsylvania, Sitting by Designation; and MARIA M. CABRET, Judge of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

## ORDER

MOORE, Chief Judge.

Appellee contends that the Territorial Court Judge erred in sentencing appellant to a jail term of incarceration after granting the Government's motion to sentence her pursuant to V.I. CODE ANN. tit. 5, § 3721 which required appellant to make restitution. For the reasons set forth below, this appeal is dismissed for lack of jurisdiction.

## FACTUAL BACKGROUND

Appellant Monsanto–Swan pled guilty on March 10, 1992 to embezzlement or falsification of public accounts in the amount of $2,028.49, in violation of V.I. CODE ANN. tit. 14, § 1662, Count VII of a nine-count Information. The possible maximum penalty for violation of section 1662 is $10,000 fine and 10 years jail. The total of all nine alleged violations amounted to $96,526.42. Pending sentencing, appellant was released on bond and the Government moved for restitution of $96,586.42 to be made to the victim pursuant to V.I. CODE ANN. tit. 5, § 3721.[1] In her response, appellant did not oppose the motion, "provided that the court withholds sentence or impose [sic] sentence and stay

its execution, while placing defendant on probation for a stated period." Appellant also requested the court to represent that she would be "afforded a sufficient period of time for making payment." App. for Appellant at 82. Based on appellant's acquiescence, coupled with her advanced stage of pregnancy, sentencing was postponed under section 3721 for six months, at the expiration of which she was sentenced to four years incarceration.[2] Appellant was given approximately three months in which to make full or substantial restitution before beginning to serve her jail term. The court indicated that it would consider a motion to reduce sentence if full or substantial restitution was paid by that time. This appeal ensued. Appellant's motion for reduction of sentence, filed while the appeal was pending, was denied because appellant paid back "virtually none of this money." App. for Appellant at 58. Appellant was permitted to remain free on a property bond pending appeal.

## DISCUSSION

Appellant contends that in granting the Government's motion for restitution pursuant to 5 V.I.C. § 3721, the Court was limited to sentencing appellant to proba-

---

1. V.I. CODE ANN. tit.5, § 3721 states:

> If a person is convicted of a crime and is otherwise eligible, the court, by order, may withhold sentence or impose sentence and stay its execution, and in either case place the person on probation for a stated period, stating in the order the reasons therefor, and may impose any conditions of the probation which appear to be reasonable and appropriate to the court. If the court places the person on probation, the court shall require restitution designed to compensate the victim's pecuniary loss resulting from the crime to the extent possible, unless the court finds there is substantial reason not to order restitution as a condition of probation. . . .

2. At sentencing, a representative of the V.I. Housing Authority, for whom appellant worked and where she embezzled money and falsified documents, indicated that $126,000 was unaccounted for. As a result of appellants acts, two years of accountant's services were needed to reconstruct the Authority's books and uncover the discrepancies. The Authority was also liable to unpaid vendors and the V.I. Internal Revenue Bureau. In addition, the properties which were intended to benefit from the disbursements fell into a state of "substantial disrepair," and the Authority was unable to obtain permission from H.U.D. for a rent increase. App. for Appellant at 42. Defendant paid a total of $3,000 restitution during the six months that sentencing was postponed. App. for Appellant at 50.

tion, not the four-year jail sentence she received.[3] The Government opposes the appeal, contending first that this Court has no jurisdiction, second that the plea agreement was properly accepted and defendant was fully advised regarding the potential penalties, and third that both the sentence and the opportunity to pay restitution were legally imposed. This Court may not reach the merits of this appeal because it lacks appellate jurisdiction.

■ This Court has on more than one occasion announced that, absent specific statutory authority, it is precluded from reviewing a sentencing or any other violation on direct appeal. *See Government of the Virgin Islands v. Thomas,* 1993 St. T. Supp. ___ (D.V.I.APP. Oct. 20, 1993); *Brownsky v. Government of the Virgin Islands,* 1993 St. T. Supp. 90 (D.V.I. APP. April 24, 1993). With limited exception, a guilty plea generally bars subsequent constitutional challenges to the proceedings. *See Brownsky* (reaching this same conclusion); *see also Tollett v. Henderson,* 411 U.S. 258, 263–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)(quoting *Brady v. United States,*

397 U.S. 742, 758, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

Appellant maintains that this Court has jurisdiction pursuant to V.I. CODE ANN. tit. 4, § 76(b) which grants original jurisdiction to the Territorial Court over certain criminal matters. Section 76(b) does not address appellate jurisdiction. Appellant also cites 48 U.S.C. § 1613(a), which is locally codified as section 23A of the Revised Organic Act of 1954. Section 23A, however, is not a direct grant of jurisdiction,[4] although it does provide that "the legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States . . . ."

■ The Government states that this Court has no jurisdiction to adjudicate this matter, pointing out that the scope of appellate jurisdiction granted to this Court as authorized by section 23A is found in V.I. CODE ANN. tit. 4, §§ 33 & 34. Neither section, however, gives this Court the authority to review a judgment of conviction on a plea of guilty.[5] Specifically, section 33 awards the district court jurisdiction

3. Appellant states in her brief that she;
   was of the impression and belief that on October 9, 1992, she would be sentenced to a probationary sentence under 5 V.I.C. § 3721. At that time the court would determine what sums were left to be repaid, as well as the amounts and over what period of time Plaintiff would be required to repay the balance. The court would then impose a sentence of incarceration but suspend its execution and place Defendant on probation on the condition that restitution be made over the appropriate time period. The court however, ignored its earlier ruling to sentence Defendant pursuant to § 3721 and instead sentenced Defendant to jail for 4 years with the option of making full or substantial restitution and moving for a reduction in the sentence. [App. 39]. In so doing the court erred.
   Brief for Appellant at 10.

4. 48 U.S.C. 1613(a) (Section 23A of the Revised Organic Act of 1954) gives this Court

jurisdiction over matters originating in the Territorial Court to the extent that local law prescribes.

5. Section 34 permits the District Court to prescribe rules to carry out its business.

The Government additionally cites V.I. CODE ANN. tit. 5, App. IV, Rule 176, 18 U.C.S. 3742 and 28 U.S.C. 1291 to refute appellant's jurisdictional standing, none of which grant appellate jurisdiction to this Court. Territorial Court Rule 176 states that "[a]ppeals from judgments of the territorial court to the district court shall be taken *in the same manner and form,* and within the time provided in the Federal Rules of Appellate Procedure, and the Rules of the Third Circuit Court of Appeals . . . ." (emphasis added). 18 U.S.C. 3742 permits a criminal defendant to "file a notice of appeal *in the district court* for review of an otherwise final sentence . . . imposed in violation of law." (emphasis added).

"... in all criminal cases in which the defendant has been convicted, *other than on a plea of guilty.*" (emphasis added). This Court is thus bound by the specific and explicit statutory restriction of section 33 permitting review of criminal cases in which the defendant has been convicted after a trial to the court or a jury, and not of a conviction on a plea of guilty.[6]

## CONCLUSION

Based on the foregoing observations, we find that this Court lacks jurisdiction to consider this appeal.

Accordingly,

**IT IS** on this _2d_ day of May, 1994, hereby **ORDERED** that the above-captioned appeal is **DISMISSED** for lack of jurisdiction.

Similarly, 28 U.S.C. 1291 gives the *court of appeals* jurisdiction "of appeals from all final decisions *of the district courts* . . . ." (emphasis added).

6. The portion of section 23A of the Organic Act (48 U.S.C. § 1613(a)) quoted in the text, supra, does not limit judicial review to direct appeal. Our dismissal of this direct appeal thus does not preclude collateral review, as provided by local law, of appellant's contention that her imprisonment was illegally imposed or of any alleged violations of the Constitution, treaties, or laws of the United States. *See, e.g., Webson v. Government of the Virgin Islands,* 1993 St. T. Supp 36, 37 (D.V.I.APP. Jan. 8, 1993).